UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

MARILYN GRACIA,

       Plaintiff,

vs.

LAW OFFICES OF ALEXANDER
E. BORELL, P.A., a Florida Corporation,
and ALEXANDER BORELL, individually,

       Defendants.
_____/

## **COMPLAINT**

COMES NOW, Plaintiff, MARILYN GRACIA, by and through his undersigned counsel, and sues the Defendants, LAW OFFICES OF ALEXANDER E. BORELL, P.A. ("LAW OFFICE"), and ALEXANDER BORELL ("Mr. Borell"), (hereinafter collectively referred to as "Defendants"), and alleges as follows:

## **INTRODUCTION**

1.     This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA"), as temporarily modified pursuant to the Families First Coronavirus Response Act ("FFCRA"), Public Law 116-127.

## **JURISDICTION AND VENUE**

2.     The Court has jurisdiction over their controversy based upon the FMLA and FFCRA, and venue is proper as all acts described herein occurred within this judicial district.

## PARTIES

3.      At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4.      At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA as temporarily modified by the FFCRA.

5.      At all times material hereto, LAW OFFICE was a Florida Corporation doing business and services in this judicial district, was the former employer of the Plaintiff, and is an employer as defined by the FMLA as temporarily modified by the FFCRA.

6.      At all times material hereto, Mr. Borell was the owner of LAW OFFICE, and acted directly in the interests of LAW OFFICE in relation to the Plaintiff, exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of LAW OFFICE, and is an employer as defined by the FMLA as temporarily modified by the FFCRA.

## STATEMENT OF FACTS

9.      The Plaintiff was hired on August 19, 2019 as a paralegal.

10.     In June of 2020, Plaintiff and some of her family members went to a birthday party, wherein she had been exposed to someone who tested positive for COVID-19.

11.     Plaintiff notified her manager that she needed to get tested and her doctor recommended that she quarantine until she receives her results, the test of which occurred on June 17, 2020.

12.     However, the very next day, Plaintiff was informed that she was terminated without a reason.

13.     To make matters worse, Plaintiff obtained an interview with another job in the same building, only for Defendants to berate her for coming back to the building, even though she had her mask on.

## COUNT I

## FFCRA INTERFERENCE- ALL DEFENDANTS

14.     The Plaintiff incorporates by reference paragraphs 1-13 herein.

15.     At all times material to this lawsuit, the Plaintiff was entitled to benefits afforded under the FMLA as temporarily modified by the FFCRA.

16.     The Defendants unlawfully interfered with the Plaintiff's exercise of his FFCRA rights by denying him benefits that he was afforded.

17.     As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA as temporarily modified by the FFCRA.

18.     The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA as temporarily modified by the FFCRA.

WHEREFORE, the Plaintiff, MARILYN GRACIA, requests that judgment be entered against the Defendants for all damages recoverable under the FMLA as temporarily modified by the FFCRA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II

## FFCRA RETALIATION- ALL DEFENDANTS

19.     The Plaintiff incorporates by reference paragraphs 1-13 herein.

20.     At all times material to this lawsuit, the Plaintiff sought benefits afforded under the FMLA as temporarily modified by the FFCRA.

21.     As a result of this exercise of the benefits afforded under the FMLA as temporarily modified by the FFCRA, the Defendants intentionally, willfully and unlawfully retaliated against the Plaintiff by terminating his employment.

22.     That the Defendants' decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's need for benefits under the FMLA as temporarily modified by the FFCRA.

23.     As a direct and proximate result of the Defendants' unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA as temporarily modified by the FFCRA.

24.     The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA as temporarily modified by the FFCRA.

WHEREFORE, the Plaintiff, MARILYN GRACIA, requests that judgment be entered against the Defendants for all damages recoverable under the FMLA as temporarily modified by the FFCRA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: August 25, 2020.        Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920